**Commonwealth ex rel. v. Hahn**

*Donald L. Reihart,* Assistant District Attorney, for Commonwealth.

*Donn I. Cohen,* for petitioners.

BLAKEY, J., June 17, 1975.—Petitioners stand charged with violation of section 5504(a)(1) of the Crimes Code of December 6, 1972, P. L. 1068 (No. 334), 18 C.P.S.A. §5504. They filed petitions for writs of habeas corpus. After a hearing on April 10, 1975, the court issued an order from the bench, ruling that the facts set forth in the complaint did not constitute a violation of this section of the code as it was concerned exclusively with telephone calls not here involved. During the course of the hearing, the attorney for the Commonwealth moved to amend the complaint to charge section 5504(a)(2). Counsel for petitioners objected to an amendment and further claimed that the alternate section was equally inapplicable. After directing the release of petitioners from incarceration, the court reserved judgment on the motion to amend and reserved its decision on the applicability of 5504(a)(2). Counsel have now submitted briefs on the point so that the court has had a further opportunity to consider the issues involved.

We considered the request to amend reasonable as a procedural matter. The alternative charge is not so much a new crime as the same offense accomplished by a different means. The same facts are involved. There is no indication that such amendment would prejudice petitioners. The amendment is allowed.

However, after further thought as to the applicability of section 5504(a)(2), we retain the conclusion that the facts alleged in the complaint do not constitute a violation of either subsection of 5504(a).

The criminal complaints at issue charge each defendant with distributing a leaflet which attacks the

character of three local labor leaders. The leaflet expressly brands one of its targets as psychotic and proclaims that all three are criminals. The leaflet is obsessed with sexual references and largely by innuendo suggests that all three are sexual deviates.

Section 5504(a) of the Crimes Code provides:

"(a) Offense defined.—A person commits a misdemeanor of the third degree if, with intent to harass another, he:

"(1) makes a telephone call without intent of legitimate communication or addresses to or about such other person any lewd, lascivious or indecent words or language or anonymously telephones another person repeatedly; or

"(2) makes repeated communications anonymously or at extremely inconvenient hours, or in offensively coarse language."

The offense of harassment and the specific statutory language are new to the Commonwealth. We are obliged to construe the statute without the benefit of any prior decisions. The attorney for the Commonwealth contends that we should interpret the section broadly to cover offensive communications of any type directed to the victim or to third parties. Petitioners contend that the act must be construed narrowly, and, in any event, is an over-broad and unconstitutional abridgment of petitioners' right of free speech guaranteed by the First and Fourteenth Amendments.

When a statute can reasonably be construed to avoid a constitutional problem, the court should do so. A recognized exception to the constitutional right of free speech is language which presents a real and present danger of disruption. This exception appears to state both the purpose of the section and the constitutional justification for its limitation upon speech. Note the placement of the section in article F captioned "Offenses Against Public Order and Decency" and in Chapter 25 entitled "Riot, Disorderly Conduct

and Related Offenses." Considered with such purpose and justification in mind, the requirements that the communications (1) be repeated, and (2) be anonymous, or at extremely inconvenient hours, or in offensively coarse language, are particularly significant. The crime is not annoyance but harassment. Repeated, highly offensive conduct that threatens the public order is essential.

So construed, the facts set forth in the complaint do not satisfy the elements of the offense. The complaint involves a single episode and not a repeated course of conduct. The communication was not anonymous or at inconvenient hours. While the leaflet is offensive, this is because of the subject matter presented and not the language used. The thoughts are offensive. The language is not "offensively coarse."

Further, as we read the section, it applies to harassment of the victim and not offensive communication to others. While the statutory language is rather ambiguous on this point, if the section is not so limited the reference to extremely inconvenient hours does not make sense, as only the recipient of the communication can be inconvenienced by the time of the communication. In addition, such limitation is consistent with the purpose of the section stated above. A face-to-face confrontation has a potential for disruption which far exceeds that to be anticipated in communication to disinterested parties. See Chaplinsky v. New Hampshire, 315 U. S. 568 (1942).

We hold that the facts set forth in the complaint do not establish the elements of the offense. Consequently, we enter the following

ORDER

And now, to wit, June 17, 1975, the charges are dismissed.